IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTINA OATMAN and DENISE RICHMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>INSPIRA MEDICAL CENTERS, INC.,<br><br>Defendant. | Case No. 1:25-cv-1695<br><br>**DEMAND FOR JURY TRIAL** |

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Plaintiffs Christina Oatman and Denise Richman ("Plaintiffs"), individually and as representatives of a class of similarly situated employees of Defendant Inspira Medical Centers, Inc. ("Defendant" or "Inspira"), herein allege violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), the New Jersey Wage and Hour Law ("NJWHL"), and the New Jersey Wage Payment Law ("NJWPL"). The following allegations are based on personal knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts of others.

**INTRODUCTION**

1.  This action is brought by current and former employees of Defendant

1

who were paid improperly.

2. The Plaintiffs are paramedics who taught required classes at a flat rate of $300 per class as part of their employment. Although teaching classes was an integral part of their employment, Defendant did not count the hours spent preparing for and teaching classes toward the total hours Plaintiffs worked in a week.

3. In a typical week, each Plaintiff would work three twelve-hour shifts, and they would usually pick up additional overtime shifts for a total in excess of 40 hours a week.

4. Generally, each class took about five hours, however, none of the time Plaintiffs spent preparing for and teaching the classes was included in Plaintiffs' weekly total of hours. Thus, Plaintiffs were improperly deprived of overtime pay.

5. When Plaintiffs complained to their supervisors that their pay was incorrectly calculated, however, Defendant did not alter its practice of paying Plaintiffs and the proposed class a flat rate for teaching classes and not including teaching time in the calculations for overtime compensation.

## **JURISDICTION AND VENUE**

6. Jurisdiction over Plaintiffs' FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

7. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiffs' state law claims because those claims derive from a common nucleus of operative facts.

8. Venue in this Court is proper pursuant to 28 U.S.C. § 1391. The events giving rise to Plaintiffs' claims occurred within this District, Defendant conducts business in this District, and Defendant maintains its principal place of business in this District.

## THE PARTIES

### A. The Plaintiffs

9. Plaintiff Christina Oatman ("Oatman") resides in Gloucester County, New Jersey, and worked for Defendant as a paramedic from 2015 through 2024. Pursuant to 29 U.S.C. § 216(b), she has consented in writing to being a Plaintiff in this action.

10. Plaintiff Denise Richman ("Richman") resides in Gloucester County, New Jersey, and worked for Defendant from 2007 until 2024. Pursuant to 29 U.S.C. § 216(b), she has consented in writing to being a Plaintiff in this action.

11. At all times relevant to this action, Plaintiffs were and are classified as non-exempt workers and have been paid an hourly wage basis ("Hourly Workers").

## B. The Defendant

12. Defendant Inspira Medical Centers, Inc. ("Inspira") is a nonprofit healthcare organization that comprises four hospitals, two comprehensive cancer centers, nine multi-specialty health centers, and locations throughout Southern New Jersey. Inspira maintains its corporate offices and principal place of business at 333 Irving Avenue, in Bridgeton, New Jersey.

13. At times relevant to this action, Defendant employed Plaintiffs and similarly situated workers.

14. Defendant employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

15. Defendant's annual gross volume of business exceeds $500,000.

16. Defendant is not an independently owned and controlled local enterprise within the meaning of 29 U.S.C. § 207(b)(3).

17. At all times relevant to this action, Defendant Inspira was an employer subject to New Jersey wage and hour laws, including the NJWHL and NJWPL.

## FACTS APPLICABLE TO ALL CLAIMS

18. Plaintiffs work for Defendant as first responders to medical emergencies by providing care on site, in ambulances, and in transportation to hospital facilities.

19. Most of Defendant's employees who work in the Ground Transport department work as first responders, including Plaintiffs, and they are classified as non-exempt employees and are paid an hourly wage rather than a salary.

20. Defendant regularly allowed Plaintiffs and similarly situated workers to work more than forty (40) hours per week.

21. In addition to their regular duties as first responders, Defendant has also offered Plaintiffs and similarly situated workers the opportunity to teach courses concerning urgent medical care procedures at classes sponsored by Defendant. Plaintiffs and similarly situated workers, as certified instructors, had the ability to pick up extra shifts as an instructor in classroom education, such as, but not limited to Advanced Cardiac Life Support ("ACLS"), Pediatric Advanced Life Support ("PALS"), Cardiopulmonary Resuscitation ("CPR"), and Basic Life Support ("BLS"). Plaintiffs and similarly situated workers have functioned as certified instructors for Inspira in these classes.

22. At all times relevant to this action, Plaintiffs and similarly situated workers were required by Defendant to teach such courses as Life Support Training Program Instructors.

23. Plaintiffs and similarly situated workers were not and are not paid their usual hourly wages or overtime compensation to teach in these mandatory classes.

24. In Order to maintain their certification from the American Heart Association ("AHA") trainers, including Plaintiffs and similarly situated workers, must teach at least four (4) classes per year, including ACLS, PALS, CPR, and BLS.

25. Plaintiffs and similarly situated workers are not paid the required time and a half overtime rate for the hours spent teaching, which are universally in excess of the forty (40) hours per week spent performing duties as first responders.

26. Moreover, Plaintiffs and similarly situated workers were also not paid for the time they spent preparing to teach the ACLS, PALS, CPR, and BLS courses.

27. Plaintiffs and similarly situated workers have not been and are not paid in full for all of the hours that they work.

28. Upon information and belief, Defendant has failed to keep and maintain true and accurate records of all hours worked by and wages paid to Plaintiffs and similarly situated workers, as required by N.J. Stat. §34:11-56a20.

**Plaintiffs Experiences**

29. Plaintiffs were generally scheduled for three twelve-hour shifts per

week. Plaintiffs also would work additional unscheduled twelve-hour paramedic shifts and usually, if not universally, worked in excess of 40 hours per week, not including teaching classes.

30. Plaintiffs would supplement their regular weekly shifts with teaching classes. Oatman taught approximately one class per week during her tenure with Defendant, and Richman taught approximately two classes per month.

31. Although the Plaintiffs were non-exempt hourly employees, they were paid a flat rate of $300 per session for the classes they taught unless they were the lead instructor. When Plaintiffs worked as the lead instructor, they were paid a flat rate of $350 per class.

32. The classes taught by Plaintiffs are based on an expected six-hour module, and credit is given by the AHA for the teachers and participants on that basis.

33. Although preparation is often needed to teach the ACLS, PALS, CPR, and BLS classes, Defendant never paid Plaintiffs for their time spent preparing to teach a class.

34. Moreover, none of the time Plaintiffs spent as an instructor of the ACLS, PALS, CPR, and BLS classes counted toward their weekly hourly time calculation, which would have required that they be paid at an overtime rate for teaching.

35. Plaintiffs were only credited for the time they spent working their paramedic shifts. Thus, Defendant failed to fully and properly account for all hours of work performed by Plaintiffs.

36. Defendant was well aware that Plaintiffs were not paid in full for all hours worked. For instance, on numerous occasions Ms. Oatman complained to her supervisor that her pay was wrong because her hours and the resulting calculation of overtime pay were incorrect. Thus, Defendant had sufficient notice of the errors in timekeeping and the resulting underpayment of wages to Plaintiffs' and similarly situated workers.

37. Upon information and belief, the lack of accuracy in tracking hours and the proper pay rate was an issue that affected the entire Class.

## COLLECTIVE ACTION ALLEGATIONS

38. Plaintiffs bring this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Class defined above.

39. Plaintiffs desire to pursue their FLSA claim on behalf of any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

40. Plaintiffs and the FLSA Class are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked pursuant to Inspira's previously described common pay practices and, as a result of such practices, were not paid the full and legally-mandated overtime premium for hours

worked over 40 during the workweek. Resolution of this action requires inquiry into common facts, including, *inter alia*, Inspira's common compensation, timekeeping, and payroll practices.

41. Specifically, Inspira paid Plaintiffs and the FLSA Class a set amount of pay per class, regardless of the number of hours worked, and failed to pay overtime as required by law.

42. The similarly-situated employees are known to Inspira, are readily identifiable, and may be located through Inspira's records and the records of any payroll companies that Inspira utilizes. Inspira employs many FLSA Class Members throughout the United States. These similarly-situated employees may be readily notified of this action through direct U.S. mail and/or other appropriate means and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

43. Plaintiffs seek to certify the following Class, and to be appointed as a representative ("Named Plaintiffs") of the Class:

> All current or former non-exempt hourly employees of Defendant during any workweek within the applicable statutes of limitations for the New Jersey Wage and Hour Law and the New Jersey Wage Payment Law.

44. Plaintiffs reserve the right to redefine the Class(es) prior to class certification, and thereafter, as necessary.

45. This action meets the requirements of Fed. R. Civ. P. 23 and is certifiable as a class action for the following reasons:

   a. The members of the Class are so numerous that joinder of all members is impracticable. The disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

   b. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

      - Whether Defendant is an employer under the FLSA, NJWHL, and NJWPL;

      - Whether Defendant paid Plaintiffs and similarly situated workers for all hours worked as required by the FLSA, NJWHL, and NJWPL; and

      - The extent of damage sustained by Class members and the appropriate measure of damages.

46. Plaintiffs' claims are typical of those of the Class because their claims arise from the same event, practice and/or course of conduct as other members of

the Class. Plaintiffs will adequately protect the interests of the Class and have retained counsel experienced in class action litigation in general.

47. Plaintiffs have no interests that conflict with those of the Class.

48. Defendants do not have any unique defenses against the Plaintiffs that would interfere with their representation of the Class.

49. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since the joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

## COUNT I
**Violations of the Fair Labor Standards Act ("FLSA")**

50. Plaintiffs repeat and re-allege each and every allegation contained above as if fully set forth herein.

51. The FLSA requires that covered employees be compensated for all hours worked in excess of 40 hours per week at a rate not less than one and one-half times the regular rate at which he or she is employed. *See* 29 U.S.C. § 207(a)(1).

52. The FLSA provides that, if an employee is paid a flat sum for a day's work or for doing a particular job, and if he or she receives no other form of compensation for services, the employee is entitled to extra half-time pay at his

regular rate for all hours worked in excess of 40 in the workweek. *See* 29 C.F.R. § 778.112.

53. Defendant Inspira is subject to the overtime requirements of the FLSA because Inspira is an employer under 29 U.S.C. § 203(d).

54. During all relevant times, Plaintiffs and the FLSA Collective were covered employees entitled to the above-described FLSA's protections. *See* 29 U.S.C. § 203(e).

55. Inspira's compensation scheme applicable to Plaintiffs and the FLSA Collective failed to comply with either 29 U.S.C. § 207(a)(1) or 29 C.F.R. § 778.112.

56. Plaintiffs and the FLSA Collective are not exempt from the requirements of the FLSA.

57. Inspira knowingly failed to compensate Plaintiffs and the FLSA Collective at a rate of one and one-half times their regular hourly wage for hours worked in excess of 40 hours per week, in violation of 29 U.S.C. § 207(a)(1).

58. During all relevant times, Plaintiffs and the FLSA Collective were covered employees entitled to the above-described FLSA protections.

59. In violating the FLSA, Inspira acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT II
### New Jersey Wage and Hour Law ("NJWHL")

60. Plaintiffs repeat and re-allege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

61. Defendant is an employer covered by the NJWHL.

62. Defendant employed Plaintiffs and the members of the Class.

63. Plaintiffs and the Class members are employees entitled to the NJWHL's protections.

64. Employees covered by the NJWHL shall be paid for "all hours worked" in a workweek. N.J. Admin. Code §12:56-5.1.

65. Employees covered by the NJWHL shall be paid time and a half for all hours over forty hours in the week.

66. The NJWHL provides that an employee who works over forty (40) hours in a workweek shall receive "1 1/2 times such employee's regular rate for each hour of working time in excess of 40 hours in any week." N.J. Stat. §34:11-56a4.

67. The NJWHL also provides that in an action to recover wages owed under the NJWHL, employees may recover the amount of wages owed plus liquidated damages in the amount of 200% of the unpaid wages owed plus costs and reasonable attorneys' fees as determined by the court. N.J.S.A. §34:11-56a25.

68. Defendant unlawfully failed to pay the minimum wage to Plaintiffs and the members of the Class in violation of the NJWHL.

69. Defendants unlawfully failed to pay overtime to Plaintiffs and the members of the Class in violation of the NJWHL.

## COUNT III
### New Jersey Wage Payment Law ("NJWPL")

70. Plaintiffs repeat and re-allege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

71. Defendant is an employer covered by the NJWPL.

72. Defendant employed Plaintiffs and the members of the Class.

73. Plaintiffs and the members of the Class are employees entitled to the NJWPL's protections.

74. The NJWPL provides that "[e]xcept as otherwise provided by law, every employer shall pay the full amount of wages due to his employees at least twice during each calendar month[.]" N.J.S.A. § 34:11-4.2.

75. The NJWPL further provides that in an action to recover wages promised or required, the employee may recover the full amount of wages due, plus an amount of liquidated damages in the amount of 200% of the wages due plus costs and reasonable attorneys' fees. N.J.S.A. § 34.11-4.10.

76. Defendant unlawfully withheld the wages of Plaintiffs and the members of the Class in violation of the NJWPL.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of the Plans and all similarly situated participants and beneficiaries of the Plans, respectfully request that the Court:

a) An order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b);

b) Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Class members;

c) Determine that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, certifying Plaintiffs as the Class representatives and their counsel as Class Counsel;

d) Declare the acts and practices complained of herein as violations of the FLSA, NJWHL, and NJWPL;

e) Order Defendant to cease and desist all violative conduct alleged herein;

f) Order the payment of all back pay damages (including unpaid overtime compensation, unpaid spread of hours payments, and unpaid wages);

g) Order the payment of all liquidated damages to the fullest extent permitted under the law

h) Order the payment of prejudgment interest to the fullest extent permitted under the law;

      i)      Order the payment of all attorneys' fees to the fullest extent permitted under the law; and

      j)      Grant such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury for all issues of fact.

Date: March 6, 2025

/s/Eric Lechtzin
Eric Lechtzin
(NJ ID # 011841992)
Andrew Lapat
(*pro hac vice* forthcoming)
**EDELSON LECHTZIN LLP**
411 S. State Street
Suite N-300
Newtown, PA 18940
Telephone: (215) 867-2399
elechtzin@edelson-law.com
alapat@edelson-law.com