**BROWN & CONNERY, LLP**
Michael J. Miles, Esq.
Alyssa I. Lott, Esq.
360 Haddon Avenue
Westmont, New Jersey 08108
(856) 854-8900
mmiles@bownconnery.com
alott@brownconnery.com
*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHRISTINA OATMAN and DENISE RICHMAN, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>  vs.<br><br>INSPIRA MEDICAL CENTERS, INC.,<br><br>    Defendant. | Case No. 1:25-cv-01695-ESK-EAP<br><br><br>**DEFENDANT INSPIRA HEALTH NETWORK'S ANSWER WITH SEPARATE AND AFFIRMATIVE DEFENSES** |

Defendant Inspira Health Network, Inc. (improperly named as "Inspira Medical Center, Inc.") ("Inspira") responds to Plaintiffs, Christina Oatman's and Denise Richman's, individually and on behalf of all others similarly situated ("Plaintiffs"), Complaint as follows:

**INTRODUCTION**

1. Admitted in part, denied in part. Admitted only that this action is brought by current and former employees of Defendant. The remaining allegations in this paragraph contain conclusions of law, thus no responsive pleading is required. To the extent a response is required, Inspira denies the remaining allegations contained in this paragraph.

2. Admitted in part, denied in part. Admitted only that Plaintiffs are paramedics who taught classes at a rate of $300 per class as part of their employment. All remaining allegations are denied.

3. Admitted in part, denied in part. Admitted only that each Plaintiff would work three twelve-hour shifts in a week. Inspira is without knowledge or information sufficient to form a belief as to the veracity of the remaining allegations contained in this paragraph and, accordingly, denies same.

4. Admitted in part, denied in part. Admitted only that some classes took five hours or less. All remaining allegations are denied.

5. Denied.

## JURISDICTION AND VENUE

6. The allegations in this paragraph are not directed at Inspira and contain conclusions of law, thus no responsive pleading is required. To the extent a response is required, Inspira denies the allegations contained in this paragraph.

7. The allegations of this paragraph are not directed at Inspira and contain conclusions of law, thus no responsive pleading is required. To the extent a response is required, Inspira denies the allegations contained in this paragraph.

8. The allegations of this paragraph are not directed at Inspira and contain conclusions of law, thus no responsive pleading is required. To the extent a response is required, Inspira denies the allegations contained in this paragraph.

## THE PARTIES

### A. The Plaintiffs

9.      Admitted in part, denied in part.  Admitted only that Plaintiff Christina Oatman worked for Inspira as a paramedic from 2015 through 2024 and, upon information and belief, she resides in Gloucester County, New Jersey.  The remaining allegations of this paragraph are not directed at Inspira and contain conclusions of law, thus no responsive pleading is required.  To the extent a response is required, Inspira is without knowledge or information sufficient to form a belief as to the veracity of the remaining allegations contained in this paragraph and, accordingly, denies the same.

10.      Admitted in part, denied in part.  Admitted only that Plaintiff Denise Richman worked for Inspira from 2007 until 2024 and, upon information and belief, she resides in Gloucester County, New Jersey.  The remaining allegations of this paragraph are not directed at Inspira and contain conclusions of law, thus no responsive pleading is required.  To the extent a response is required, Inspira is without knowledge or information sufficient to form a belief as to the veracity of the remaining allegations contained in this paragraph and, accordingly, denies the same.

11.      Admitted in part, and denied in part.  Admitted only that Plaintiffs were classified as non-exempt employees and paid an hourly rate for all hours worked for their paramedic role.  All remaining allegations contained in this paragraph are denied.

### B. The Defendant

12.      Admitted in part, denied in part. Admitted only that Inspira is a nonprofit healthcare organization that operates four hospitals, two comprehensive cancer centers, nine

multi-specialty health centers, and has locations throughout Southern New Jersey, including in Bridgeton, New Jersey.  The remaining allegations of this paragraph are denied.

13.    Admitted.

14.    The allegations of this paragraph contain conclusions of law, thus no responsive pleading is required.  To the extent a response is required, the allegations are denied.

15.    The allegations of this paragraph contain conclusions of law, thus no responsive pleading is required.  To the extent a response is required, the allegations are denied.

16.    The allegations of this paragraph contain conclusions of law, thus no responsive pleading is required.  To the extent a response is required, the allegations are denied.

17.    The allegations of this paragraph contain conclusions of law, thus no responsive pleading is required.  To the extent a response is required, the allegations are denied.

### FACTS APPLICABLE TO ALL CLAIMS

18.    Admitted in part and denied in part.  Admitted only that until 2024, Plaintiffs worked for Defendant primarily as first responders to medical emergencies by providing care on site, in ambulances, and in transportation to hospital facilities.  All remaining allegations contained in this paragraph are denied.

19.    Admitted in part and denied in part.  Admitted only that some employees who work at Ground Transport work as first responders and are paid an hourly wage for hours worked.  All remaining allegations contained in this paragraph are denied.

20.    Denied.

21.    Admitted in part and denied in part.  Admitted only that certain employees were offered separate and distinct positions in addition to their primary roles, and that these separate

4

positions consisted of instructing certain classes that included ACLS, PALS, CPR, and BLS.  All remaining allegations contained in this paragraph are denied.

22.     Denied.

23.     Denied.

24.     The allegations of this paragraph are not directed at Inspira, thus no responsive pleading is required.  To the extent a response is required, Inspira is without knowledge or information sufficient to form a belief as to the veracity of the remaining allegations contained in this paragraph and, accordingly, denies the same.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Denied.

**Plaintiffs Experiences**

29.     Admitted in part and denied in part.  Admitted only that Plaintiffs Oatman and Richmond were generally scheduled for three twelve-hour shifts per week.  All remaining allegations contained in this paragraph are denied.

30.     Admitted in part and denied in part.  Admitted only that Plaintiffs taught some classes.  All remaining allegations contained in this paragraph are denied.

31.     Admitted in part and denied in part.  Admitted only that Plaintiffs were paid flat rates for classes they taught.  All remaining allegations contained in this paragraph are denied.

32.     Admitted in part and denied in part.  Admitted only that certain classes were intended to last for six hours, and Plaintiffs were paid a flat rate for the classes they taught.  All remaining allegations contained in this paragraph are denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

## COLLECTIVE ACTION ALLEGATIONS

38.     The allegations of this paragraph are not directed at Inspira and contain conclusions of law, thus no responsive pleading is required.  To the extent a response is required, the allegations are denied.

39.     The allegations of this paragraph are not directed at Inspira and contain conclusions of law, thus no responsive pleading is required.  To the extent a response is required, the allegations are denied.

40.     The allegations of this paragraph are not directed at Inspira and contain conclusions of law, thus no responsive pleading is required.  To the extent a response is required, the allegations are denied.

41.     Denied.

42.     The allegations of this paragraph contain conclusions of law, thus no responsive pleading is required.  To the extent a response is required, the allegations are denied.

## CLASS ACTION ALLEGATIONS

43.     The allegations of this paragraph are not directed at Inspira and contain conclusions of law, thus no responsive pleading is required.  To the extent a response is required, the allegations are denied.

44.     The allegations of this paragraph are not directed at Inspira and contain conclusions of law, thus no responsive pleading is required.  To the extent a response is required, the allegations are denied.

45.     The allegations of this paragraph are not directed at Inspira and contain conclusions of law, thus no responsive pleading is required.  To the extent a response is required, the allegations are denied.

46.     The allegations of this paragraph are not directed at Inspira and contain conclusions of law, thus no responsive pleading is required.  To the extent a response is required, the allegations are denied.

47.     The allegations of this paragraph are not directed at Inspira and contain conclusions of law, thus no responsive pleading is required.  To the extent a response is required, the allegations are denied.

48.     The allegations of this paragraph contain conclusions of law, thus no responsive pleading is required.  To the extent a response is required, the allegations are denied.

49.     The allegations of this paragraph are not directed at Inspira and contain conclusions of law, thus no responsive pleading is required.  To the extent a response is required, the allegations are denied.

## COUNT I
### Violations of the Fair Labor Standards Act ("FLSA")

50.     Inspira hereby repeats and incorporates by reference each and every response above as if set forth herein.

51.     The allegations of this paragraph are not directed at Inspira and contain conclusions of law, thus no responsive pleading is required.  To the extent a response is required, the allegations are denied.

7

52.     The allegations of this paragraph are not directed at Inspira and contain conclusions of law, thus no responsive pleading is required.  To the extent a response is required, the allegations are denied.

53.     The allegations of this paragraph contain conclusions of law, thus no responsive pleading is required.  To the extent a response is required, the allegations are denied.

54.     The allegations of this paragraph are not directed at Inspira and contain conclusions of law, thus no responsive pleading is required.  To the extent a response is required, the allegations are denied.

55.     Denied.

56.     The allegations of this paragraph are not directed at Inspira and contain conclusions of law, thus no responsive pleading is required.  To the extent a response is required, the allegations are denied.

57.     Denied.

58.     The allegations of this paragraph are not directed at Inspira and contain conclusions of law, thus no responsive pleading is required.  To the extent a response is required, the allegations are denied.

59.     Denied.

**WHEREFORE**, Inspira demands judgment in its favor dismissing Plaintiffs' Complaint in its entirety and with prejudice, along with an award of attorney's fees, costs, and such other relief as the Court deems appropriate.

## COUNT II
### New Jersey Wage and Hour Law ("NJWHL")

60.     Inspira hereby repeats and incorporates by reference each and every response above as if set forth herein.

61.     The allegations of this paragraph contain conclusions of law, thus no responsive pleading is required.  To the extent a response is required, the allegations are denied.

62.     Admitted.

63.     The allegations of this paragraph are not directed at Inspira and contain conclusions of law, thus no responsive pleading is required.  To the extent a response is required, the allegations are denied.

64.     The allegations of this paragraph are not directed at Inspira and contain conclusions of law, thus no responsive pleading is required.  To the extent a response is required, the allegations are denied.

65.     The allegations of this paragraph are not directed at Inspira and contain conclusions of law, thus no responsive pleading is required.  To the extent a response is required, the allegations are denied.

66.     The allegations of this paragraph are not directed at Inspira and contain conclusions of law, thus no responsive pleading is required.  To the extent a response is required, the allegations are denied.

67.     The allegations of this paragraph are not directed at Inspira and contain conclusions of law, thus no responsive pleading is required.  To the extent a response is required, the allegations are denied.

68.     Denied.

69.     Denied.

9

**WHEREFORE**, Inspira demands judgment in its favor dismissing Plaintiffs' Complaint in its entirety and with prejudice, along with an award of attorney's fees, costs, and such other relief as the Court deems appropriate.

**COUNT III**
**New Jersey Wage Payment Law ("NJWPL")**

70.     Inspira hereby repeats and incorporates by reference each and every response above as if set forth herein.

71.     The allegations of this paragraph contain conclusions of law, thus no responsive pleading is required.  To the extent a response is required, the allegations are denied.

72.     Admitted.

73.     The allegations of this paragraph are not directed at Inspira and contain conclusions of law, thus no responsive pleading is required.  To the extent a response is required, the allegations are denied.

74.     The allegations of this paragraph are not directed at Inspira and contain conclusions of law, thus no responsive pleading is required.  To the extent a response is required, the allegations are denied.

75.     The allegations of this paragraph are not directed at Inspira and contain conclusions of law, thus no responsive pleading is required.  To the extent a response is required, the allegations are denied.

76.     Denied.

**WHEREFORE**, Inspira demands judgment in its favor dismissing Plaintiffs' Complaint in its entirety and with prejudice, along with an award of attorney's fees, costs, and such other relief as the Court deems appropriate.

**BROWN & CONNERY, LLP**
*Attorneys for Defendant*

Dated: June 6, 2025

*s/ Michael J. Miles*
Michael J. Miles, Esq.
360 Haddon Avenue
P.O. Box 539
Westmont, New Jersey 08108
(856) 854-8900

<u>**AFFIRMATIVE DEFENSES**</u>

1. Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

2. Plaintiffs lack standing to assert the allegations in the Complaint.

3. Plaintiffs have failed to join indispensable parties to this action.

4. Plaintiffs' claims are barred by the applicable statutes of limitations and/or prescriptive periods.

5. Plaintiffs' claims are barred by the entire controversy doctrine.

6. Plaintiffs' claims are barred by the doctrines of res judicata and/or collateral estoppel.

7. Plaintiffs' claims are barred by the doctrines of laches, waiver, estoppel, fraud, and/or unclean hands.

8. Inspira acted in good faith and in a reasonable manner.

9. Inspira complied with all applicable statutes, regulations, and/or common law duties.

11

10.  Inspira has not breached any common law, contractual, and/or statutory duty owed to Plaintiffs.

11.  Inspira discharged every duty and/or obligation owed to Plaintiffs.

12.  Inspira's actions were the lawful exercise of management rights and do not give rise to any liability.

13.  Plaintiffs failed to comply with Inspira's policies and/or procedures.

14.  Plaintiffs have not suffered any damages.

15.  Plaintiffs have failed to allege legally cognizable damages.

16.  Plaintiffs' alleged damages are speculative, hypothetical, and not within the realm of reasonable certainty.

17.  Plaintiffs have failed to mitigate any alleged damages.

18.  Inspira has cured any alleged damages.

19.  Any damages suffered by Plaintiffs were caused by their own conduct.

20.  Any damages suffered by Plaintiffs were not caused by Inspira's acts or omissions.

21.  Plaintiffs have failed to take advantage of preventative and/or corrective opportunities to avoid the harms alleged in the Complaint.

22.  Plaintiffs' claim for punitive damages must be dismissed because there is no factual or legal basis for such an award.

12

23.    Plaintiffs are not entitled to attorneys' fees and costs.


                                                    **BROWN & CONNERY, LLP**
                                                    *Attorneys for Defendant*

Dated: June 6, 2025                                 *s/  Michael J. Miles*
                                                    Michael J. Miles, Esq.
                                                    360 Haddon Avenue
                                                    P.O. Box 539
                                                    Westmont, New Jersey 08108
                                                    (856) 854-8900


## RESERVATION OF DEFENSES AND OBJECTIONS

Inspira reserves the right to interpose such other defenses and objections as continuing investigation may disclose.

                                                    Respectfully submitted,

Dated: June 6, 2025                                 *s/  Michael J. Miles*
                                                    Michael J. Miles, Esq.


## JURY TRIAL DEMAND

A jury trial is demanded as to all issues raised.

                                                    Respectfully submitted,

Dated: June 6, 2025                                 *s/  Michael J. Miles*
                                                    Michael J. Miles, Esq.


## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

Pursuant to Local Civil Rule 11.2, I hereby certify that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

                                                    Respectfully submitted,

Dated: June 6, 2025                                 *s/  Michael J. Miles*
                                                    Michael J. Miles, Esq.